JOHN J. HALEY *vs.* DORCHESTER MUTUAL INSURANCE COMPANY.

A recital in a policy for $2000, that other insurance, to the amount of $3000, subsists, and a reply to a question in the application inquiring if there was insurance on the property, and, if so, to what amount, stating the same amount mentioned in the policy, do not prevent the plaintiff, in an action upon the policy, from showing that in fact the other insurance did not cover all of the property insured in it; although it was issued under the conditions and limitations expressed in the by-laws annexed thereto, and one of the by-laws provided that, in case any other insurance, prior or subsequent, should subsist, with-

out the consent of the directors, the policy should be void; and that in case of loss or damage of property upon which such authorized double insurance should subsist, the company should be liable to pay only such proportion thereof as the sum insured by it should bear to the whole amount insured thereon, not exceeding three fourths of the actual value at the time of the loss: and the plaintiff may recover three fourths of the value of the property destroyed, which was not covered by any other insurance, and three tenths of the value of the property which was covered by other insurance.

CONTRACT on a policy of insurance issued by the defendants to George A. Sampson, and by him assigned, with the defendants' consent, to the plaintiff. The policy insured Sampson for one year from the 10th of November 1855, in the sum of $2000, " being not more than three fourths of the value of the property described," on " his stock in trade, being mostly chamber furniture in sets, and other articles usually kept by furniture dealers ; " and contained the following statement : " Other insurance of $3000 subsists, with liberty to have and make further insurance to an amount ——." The promise of indemnity in the policy was made " under the conditions and limitations expressed in the by-laws," which were annexed. Article 8 of the by-laws was as follows : " ART. 8. In case any other insurance, prior or subsequent, shall subsist upon property insured by this company, the policy issued by this company shall be deemed and become void, unless such other insurance subsists with the consent of the directors, signified by a statement thereof in the policy, or by indorsement thereon, signed by the secretary; and in case of loss or damage of property upon which such authorized double insurance subsists, this company shall be liable to pay only such proportion thereof as the sum insured by this company bears to the whole amount insured thereon, such amount not to exceed three fourths of the actual value of the property at the time of loss." The reply to the 17th interrogatory in the application, " Is there any insurance on the property on which application is made for insurance ; if so, what is the amount, and where is it so insured," was, " $1500 ; $1500."

On exceptions heretofore taken in this case, after a verdict for the plaintiff, no question was left open except that of damages, which were to be assessed in the superior court. At the trial upon this question, it appeared that the value of the property

destroyed was $5917.25, of which $826.84 consisted of paints, oil and varnish. The plaintiff contended that these articles were not covered by the other insurance referred to in the policy, and, for the purpose of showing this fact, introduced in evidence, under objection, two policies issued to Sampson, each for one year from April 14, 1855, and each insuring him in the sum of $1500 on his " stock of furniture." These policies had not expired at the time of the fire.

*Morton,* J., ruled that these policies did not cover the paints, oil and varnish, and that the mode of ascertaining the plaintiff's damages was to add three fourths of the value of these articles to three tenths of the value of the other property; and, as the sum thus found exceeded $2000, he directed a verdict for $2000 and interest from the time when the loss was payable, which was returned accordingly, and the case was reported for the determination of this court.

*H. F. Durant,* for the plaintiff.

*J. L. English,* for the defendants.

Dewey, J. In prescribing the rule for the assessment of damages in the present case, it is necessary to consider the effect to be given to the 17th interrogatory in the application for insurance, and the answer thereto, and also to the clause in the policy as to other insurance. In consequence of these statements in the application and policy as to other insurance, the defendants insist that, under art. 8 of their by-laws, they are liable to pay only such proportion of the loss as the sum insured by them bears to the whole amount insured thereon, taking the same as stated on the face of the policy. That the two policies of $1500 each, held by the assured, did not in fact cover all the property lost by the peril insured against it, seems to us quite clear. Those policies are merely on his " stock of furniture," and would not include the loss of $826.84 on paints, oil and varnish. The policy executed by the defendants has a broader scope, being on " his stock in trade, being mostly chamber furniture in sets, and other articles usually kept by furniture dealers." To the extent of the articles above named there is not therefore a double insurance and the rule of proportionate

assessment of the loss among various insurers of the same property cannot apply; and, as to these articles, no remuneration can be claimed except of the defendants.

But it is urged on the part of the defendants that by the recitals in the application and in the policy the plaintiff is estopped from showing these facts, or taking the position that there was not other insurance to the amount of $3000 upon all the property covered by their insurance. We do not understand that it is alleged that any false representations were fraudulently made as to other insurance, but that, whether this discrepancy may have been inadvertent and unknown to the assured at the time, or otherwise, he can recover no more than the proportional share which would have been recoverable had there been outstanding policies on the entire stock of goods destroyed by the fire.

This leads to the inquiry as to the character of such recitals as to other insurance existing on the property upon which insurance is asked. This subject was somewhat considered in the case of *Forbush* v. *Western Massachusetts Ins. Company*, 4 Gray, 337. That case presented the more limited question of the effect to be given to such recitals of insurance elsewhere, in cases where it was literally true at the time of issuing the policy, but ceased to be so long before the loss occurred, or the expiration of the period of the policy under which the plaintiffs claimed to recover the loss. That such representation was not to be taken to be a warranty or stipulation that there should be a good and valid insurance to the amount stated as insured in other companies, during the entire continuance of the new policy, was fully settled in that case. If it is not to have that effect, but, on the contrary, would be fully satisfied by the fact of the actual existence of such insurance for a single day, then it would seem that the only ground for avoiding a policy for erroneously stating the amount of policies held in other companies would be that of a fraudulent misrepresentation.

If the parties intend to limit the liability of the insurers in the new policy to a certain proportion of the loss, to be fixed by the enumeration of certain other outstanding policies, the

stipulation should be directly made, that such other insurance is to be continued to some future definite period. In the case of *Forbush* v. *Western Massachusetts Ins. Co.*, although on the face of the policy it was recited that $2000 was insured at the People's Mutual Company in Worcester, yet it was an insurance that in fact ceased to be valid at the very moment when the policy made by the defendants took effect; yet this fact was held not to diminish the liability of the insurers under the new policy to pay the whole loss.

Independent of any purpose of inserting the amount of other policies, with a view to limit absolutely the liability of the insurers in the new policy to a mere proportional part of any loss that may occur, there are other sufficient reasons for thus stating it on the face of the policy. By section 8 of the by-laws, such new policy is declared to be void, " unless such other insurance subsists with the consent of the directors, signified by a state- ment thereof in the policy, or by indorsement thereon signed by the secretary." So also, where in fact such other policy does exist at the time of the loss, it would diminish the liability to a proportional part of the amount of the loss. Both these objects are effected by an insertion of the amount of other insurances, and without giving to them the effect of a warranty as to other insurance named in the policy. Beyond this, in the absence of all suggestion of fraudulent misrepresentations, we are of opinion that a recital like that in the present case should not affect the party insured, although some portion of the property insured should be found not to have been embraced in any other policy. The case of *Denny* v. *Conway Ins. Co.* 13 Gray, 492, did not present this question for adjudication, and the point was not there decided, though made the subject of some remarks in the opinion given in that case.

*Judgment for the plaintiff on the verdict.*